UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JIMMIE YOUNGBLOOD,

    Plaintiff,

v.                                                          Case No. 3:22cv6851-MCR-HTC

SANTA ROSA CORRECTIONAL INSTITUTION,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Jimmie Youngblood, proceeding *pro se*, initiated this action by filing a handwritten "letter" to the "clerk of the courts" in the Middle District of Florida, alleging he was being refused treatment while at Santa Rosa Correctional Institution. Doc. 1. The Middle District court transferred the case to this Court.[1] Doc. 5. Upon review, the Court ordered Plaintiff to file an amended complaint on this Court's forms and a motion to proceed *in forma pauperis*, or pay the filing fee. Doc. 8. Plaintiff was warned multiple times that his failure to correct these deficiencies may result in a recommendation of dismissal. Docs. 8, 9. Despite being given two opportunities to file a proper complaint and motion, Plaintiff has failed to do so or

---

[1] The Middle District court also sent a courtesy copy of the filing to the Inspector General for the Florida Department of Corrections and the Warden of Santa Rosa CI. Doc. 2.

to even respond to the Court's orders. *Id*. Thus, the undersigned respectfully recommends this case be dismissed without prejudice for failure to prosecute and failure to comply with an order of the Court.[2]

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Dismissal is also appropriate for failure to prosecute. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189,

---

[2] Based on a review of PACER, Plaintiff is a prolific filer who has had several cases dismissed for failure to comply with court orders. *See Youngblood v. Zephyrhills Correctional Institution Medical Dep't.*, 2020cv2702, Middle District of Florida (dismissed for failing to pay filing fee or file an amended complaint); *Youngblood v. Doe #1*, 2015cv712, Middle District of Florida (same); *Youngblood v. Doe*, 2015cv2122, Middle District of Florida (dismissed for failure to file an amended complaint); and *Youngblood v. Mesa*, 2016cv701, Middle District of Florida (dismissed for failure to prosecute and comply with court orders). Also, based on these dismissals, Plaintiff may be barred from proceeding *in forma papueris* under 28 U.S.C. § 1915(g).

192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE as malicious or as an abuse of the judicial process for Plaintiff's failure to prosecute and failure to comply with Court orders.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 14th day of July, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.